David Lopez, Esq. (DL-6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York  11969-0323
Phone: +1 (631) 287-5520
Email: DavidLopezEsq@aol.com

*Counsel for Plaintiff Dennis Donoghue*

Miriam Tauber, Esq. (MT-1979)
MIRIAM TAUBER, ESQ.
885 Park Avenue # 2A
New York, New York  10075
Phone: +1 (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Counsel for Plaintiff Mark Rubenstein*

(*additional counsel listed on signature page*)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DENNIS DONOGHUE, MARK RUBENSTEIN, REVIVE INVESTING LLC, NOSIRRAH MANAGEMENT, LLC, and CALENTURE, LLC,<br><br>Plaintiffs,<br><br>– v. –<br><br>ARRIVE AI INC.,<br><br>Defendant, | ECF CASE<br><br>No. 26-cv-3343<br><br>COMPLAINT WITH JURY DEMAND |

Plaintiffs Dennis Donoghue, Mark Rubenstein, Revive Investing LLC, Nosirrah Management, LLC, and Calenture, LLC ("Plaintiffs"), by their undersigned counsel, plead for their Complaint as follows:

### JURISDICTION AND VENUE

1. This is an action for attorneys' fees brought as a remedial incident to the recovery of "short-swing" profit under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b). The Court has jurisdiction under Section 27 of the Act, 15 U.S.C. § 78aa, and under 28 U.S.C. § 1331.

2. Venue lies in this District under Section 27 of the Act because

certain of the transactions giving rise to the claim described herein were executed through the facilities of The Nasdaq Stock Market LLC, a national securities exchange registered under Section 6 of the Act, 15 U.S.C. § 78f, and located in this District, and because some of counsel's services described herein were also rendered within the District.

## THE PARTIES

### Parties to This Action

3.      Plaintiff Dennis Donoghue is a natural person and a resident of the State of New York.

4.      Plaintiff Mark Rubenstein is a natural person and a resident of the State of Rhode Island.

5.      Plaintiff Revive Investing LLC is a limited liability company formed under the law of the State of Texas with a principal place of business located therein.

6.      Plaintiff Nosirrah Management, LLC is a limited liability company formed under the law of the State of Delaware with a principal place of business located in the State of New York.

7.      Plaintiff Calenture, LLC is a limited liability company formed under the law of the State of New York with a principal place of business located therein.

8.      Defendant Arrive AI Inc. ("Arrive AI") is a corporation formed under the law of the State of Delaware with a principal place of business located in the State of Indiana.  At all relevant times, Arrive AI's common stock was registered under Section 12 of the Act and listed for trading on the Nasdaq Global Market.  Plaintiffs are stockholders of Arrive AI and were likewise stockholders at the time Plaintiffs' counsel rendered the services described herein.

**Other Relevant Persons**

9.    Daniel Steven O'Toole ("O'Toole") is Arrive AI's chief executive officer, a member of its board of directors, and a beneficial owner of more than 10% of its outstanding common stock.

10.    Neerav Dilip Shah ("Shah") is Arrive AI's chief strategy officer, a member of its board of directors, and a beneficial owner of more than 10% of its outstanding common stock.

**SOLE CLAIM FOR RELIEF:**
**RECOVERY OF ATTORNEYS' FEES**
**UNDER 15 U.S.C. § 78p(b)**

11.    On November 19, 2025, Shah purchased 1,390 shares of Arrive AI's common stock at a weighted average price of $3.5340 per share.  That purchase was made less than six months after Shah's June 10 sale of 65,000 shares at a weighted average price of $13.8500 per share.

12.    As a result of the aforementioned purchase and sale of Arrive AI's common stock, Shah realized a "short-swing" profit recoverable by Arrive AI under Section 16(b) of the Act in the amount of approximately $14,339.24.

13.    On November 18, 2025, O'Toole purchased 11,142 shares of Arrive AI's common stock at a weighted average price of $3.4962 per share.  That purchase was made less than six months after O'Toole's June 10 sale of 434,672 shares of Arrive AI's common stock at a weighted average price of $13.8500 per share.

14.    As a result of the aforementioned purchase and sale of Arrive AI's common stock, O'Toole realized a "short-swing" profit recoverable by Arrive AI under Section 16(b) of the Act in the amount of approximately $115,362.04.

15.     Plaintiffs separately engaged their respective undersigned counsel to investigate trading by O'Toole and/or Shah in Arrive AI's equity securities.  The terms of these engagements entitled Plaintiffs' counsel in each case to a reasonable attorney's fee contingent on Arrive AI's recovery of any profit realized by O'Toole and/or Shah in violation of Section 16(b) of the Act.

16.     On behalf of their several clients, Plaintiffs' counsel began thorough investigations of trading in Arrive AI's equity securities by Arrive AI's insiders.  These several investigations included review of relevant securities filings, research regarding applicable law, the calculation of any recoverable profit, preparation of notes and other work product, and the rendering of advice on the potential claims of Plaintiffs and Arrive AI.

17.     In completing these investigations, Plaintiffs' counsel drew on extensive expertise and know-how.  Plaintiffs' counsel have over a century of combined experience litigating claims under Section 16(b) of the Act and have achieved significant recoveries for America's investors in courts across the nation.  They have been recognized as the leading practitioners in this field by the foremost treatise on Section 16.

18.     The investigations completed by Plaintiffs' counsel also drew on sophisticated, bespoke software that Plaintiffs' counsel have developed to research and identify potential violations of Section 16(b) of the Act.  The development and upgrading of this software required large capital expenditures as well as significant ongoing maintenance.

19.     Based on their several investigations, Plaintiffs' counsel sent Arrive AI separate correspondence on behalf of their respective clients requesting that

Arrive AI investigate trading by Shah and/or O'Toole in Arrive AI's equity securities and take action to recover the resulting short-swing profit.

20.    As a direct and proximate cause of Plaintiffs' counsel's work on behalf of their several clients, Arrive AI succeeded in recovering "short-swing" profit from Shah and Toole in the respective amounts of $14,339.24 and $115,362.04.  The work performed by Plaintiffs' counsel was a substantial and motivating cause for these recoveries, which would not have been achieved without counsel's diligent intervention.

21.    Prior to the intervention of Plaintiffs' counsel, Arrive AI was ignorant of its Section 16(b) rights against Shah and O'Toole and indisposed to pursue claims against them.  Not only is O'Toole Arrive AI's chairman and chief executive officer, but he also controls a supermajority of the voting power of its common stock. Arrive AI has identified itself as a "controlled company" by virtue of its relationship with O'Toole, and he dominates its management and decisionmaking.

22.    Arrive AI nevertheless accepted and received the benefit of the services of Plaintiffs' counsel, having reaped a windfall of more than $125,000 through the work of Plaintiffs' counsel on behalf of their several clients.

23.    As a remedial incident to the authority granted Plaintiffs under Section 16(b) of the Act, Plaintiffs are each entitled to recover a fair and reasonable attorney's fee in consideration for the services provided by their counsel.

24.    Plaintiffs respectfully request an award of attorneys' fees among them in the total amount of $32,425.00, or approximately 25% of the short-swing profit recovered from Shah and O'Toole through the services of Plaintiffs' counsel.

25.     The fee described in paragraph 24 above is fair and reasonable in light of the benefits conferred on Arrive AI by Plaintiffs and the reasonable value of their counsel's services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court for:

(a)     Judgment against Defendant Arrive AI in the amount of $32,425.00, inclusive of all out-of-pocket disbursements, plus the costs of this action; and

(b)     Such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on every question so triable.


Dated: April 23, 2026

Respectfully submitted,

/s/ David Lopez
David Lopez, Esq. (DL–6779)
LAW OFFICES OF DAVID LOPEZ
171 Edge of Woods Road, P.O. Box 323
Southampton, New York  11969-0323
Phone: +1 (631) 287-5520
Email: DavidLopezEsq@aol.com

*Counsel for Plaintiff Dennis Donoghue*


/s/ Daniel E. Doherty

Daniel E. Doherty (DD–2145)
DE DOHERTY LAW OFFICE, LLC
7300 West 100th Street, Suite 930
Overland Park, Kansas  66210
Email: ded@ddoherty.net

*Counsel for Plaintiff Revive Investing LLC*


/s/ Miriam Tauber
Miriam Tauber, Esq. (MT–1979)
MIRIAM TAUBER, ESQ.
885 Park Avenue # 2A
New York, New York  10075
Phone: +1 (323) 790-4881
Email: MiriamTauberLaw@gmail.com

*Counsel for Plaintiff Mark Rubenstein*


/s/ Mari Kristine Bonthuis

Mari Kristine Bonthuis
STERLINGTON, PLLC
One World Trade Center
85th Floor
New York, New York  10007
Phone: +1 (212) 443-2879
Fax:    +1 (212) 896-9985
Email: mari.bonthuis@sterlingtonlaw.com

*Counsel for Plaintiff Nosirrah*
    *Management, LLC*


/s/ James A. Hunter
James A. Hunter (JH–1910)
LAW OFFICE OF JAMES A. HUNTER
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania  19087
Phone: +1 (484) 275-2162
Fax:    +1 (646) 462-3356
Email: hunter@hunterkmiec.com

*Counsel for Plaintiff Calenture, LLC*